**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Isidoro CAMACHO–DOMINGUEZ,
Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose S. CAMACHO–DOMINGUEZ,
Defendant–Appellant.**

**Nos. 89–8004, 89–8005
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 6, 1990.

Isidoro Camacho–Dominguez, Big Spring, Tex., pro se.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for U.S.

Jose S. Camacho–Dominguez, Big Spring, Tex., pro se.

Before CLARK, Chief Judge,
WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

### I.

On December 21, 1988, Isidoro Camacho–Dominguez and Jose S. Camacho–Dominguez were indicted for aiding and abetting the submission of fraudulent immigration documents in violation of 8 U.S.C. § 1160(b)(7)(A)(ii). They pled guilty and were each sentenced to eight months' imprisonment, a fine of $2000, and a three-year term of supervised release. No direct appeal was taken.

The defendants later filed identical *pro se* motions under 28 U.S.C. § 2255 asking that the imposition of their supervised release terms be vacated. They claim that 8 U.S.C. § 1160(b)(7)(A)(ii) provides for imprisonment and fines but does not authorize the imposition of a supervised release period. Thus, they argue, the district court violated their right to due process and to fair warning of the punishment options available to the district court.

The cases were consolidated and referred to a magistrate, who recommended that the motions be dismissed. The movants objected to the recommendation. The district court conducted a *de novo* review of the record and accepted the magistrate's recommendation. The Camacho–Dominguezes then filed a timely notice of appeal.

### II.

The district court agreed with the magistrate's conclusion that although 8 U.S.C. § 1160(b)(7)(A)(ii) does not provide for the imposition of a term of supervised release, supervised release is made applicable to a violation of that statute by 18 U.S.C. § 3583(a). Section 3583(a) reads:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court *shall* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute (emphasis added).

The Camacho–Dominguezes assert that *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), directs a different result. We disagree. In *Bifulco*, the defendant was convicted of conspiracy to manufacture and distribute a controlled substance in violation of the general drug-conspiracy provision, 21 U.S.C. § 846. Section 846 provided at that time that a violation was "punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the [substantive underlying] offense." The substantive statute underlying Bifulco's conspiracy indictment, 21 U.S.C. § 841(a), was punishable by imprisonment, fine, and a term of special parole. 21 U.S.C. § 841(b)(1)(B). The Supreme Court held that this statutory structure was ambiguous because § 846 provided for punishment by "imprisonment or fine or both" but then deferred to the substantive count section, § 841(b)(1)(B), which provided for imprisonment, fine, and a term of special parole. The Court applied the "rule of lenity," stating: "the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Bifulco*, 447 U.S. at 387, 100 S.Ct. at 2252, *quoting Ladner v. United States*, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958). The Court ordered the vacation of Bifulco's special parole term. Section 846 was subsequently amended to correct this ambiguity. *See* Pub.L. No. 100–690, § 6470(a), 102 Stat. 4377 (1988).

*Bifulco* is inapposite to the present case. The only pertinent commonalty between the cases is the necessity for a defendant to consider two statutes in order to discover a crime's maximum penalty. Bifulco's term of special parole was vacated because the confluence of the two statutes created ambiguity. To the contrary, the joint operation of 8 U.S.C. § 1160(b)(7)(A)(ii) and 18 U.S.C. § 3583(a) causes no ambiguity; much less does it

require a "guess as to what Congress intended." *Ladner,* 358 U.S. at 178, 79 S.Ct. at 214. The alternative mandatory and discretionary imposition of supervised release allowed by § 3583 illustrates the intent of Congress to apply the program both to statutes which especially provide for its imposition and to statutes which do not mention the program.

 The Camacho–Dominguezes also argue that the failure to list supervised release in § 1160(b)(7)(A) violated their right to "fair warning" of the punishment assignable to their crime. The fair warning doctrine is cited most often as a principle underlying the *ex post facto* clauses of the federal Constitution, Art. 1, § 9, cl. 3 and Art. 1, § 10, cl. 1. *See, e.g., Rubino v. Lynaugh,* 845 F.2d 1266, 1272 (5th Cir. 1988). "Moreover, *ex post facto*/due process principles guarantee defendants 'fair warning,' not only of what is criminal, but also of what punishment attaches to a crime or crimes." *Id.* at 1273. The Camacho–Dominguezes do not allege that the statutes under which they were convicted and sentenced were applied *ex post facto.* They contend, rather, that their due process rights were violated because one form of punishment assessed them was not listed in the statute which made their actions criminal.

The "fair warning" doctrine was not violated here. The Camacho–Dominguezes were convicted and sentenced under statutes which were enacted before they committed the crimes at issue. There is no question that Congress intended the supervised release program to apply to the violation of 8 U.S.C. § 1160(b)(7)(A)(ii). *See* Sentencing Guidelines §§ 5D3.1, 5D3.2, and official commentary (This guideline, following the wording of § 3583(a), applies to all felony and misdemeanor statutes.) The defendant's constructive notice of 18 U.S.C. § 3583(a), which they argue was deficient, was afforded in the same fashion and to the same extent as notice of 8 U.S.C. § 1160(b)(7)(A)(ii), of which they do not complain. The Camacho–Dominguezes' sentence will not be reduced merely because actual notice of the punishment applicable to their crime involved reading two unambiguous statutes rather than one.

### III.

The judgment of the district court is AFFIRMED.