**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny BADILLO, Defendant–Appellant.**

**No. 89–2591**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 28, 1990.

Johnny Badillo, Big Spring, Tex., pro se.

Henry Oncken, U.S. Atty., James L. Turner, Paula Offenhauser, Jeffrey A. Babcock, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS, and DUHÉ, Circuit Judges.

PER CURIAM:

I.

In November 1988, Johnny Badillo pleaded guilty to a criminal information charging him with conspiracy to possess with the intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. On November 15, 1988,

---

Badillo was sentenced to forty-five months' imprisonment to be followed by a four-year term of supervised release. Badillo later filed a motion to correct the sentence, claiming that § 846, as it read at the time of his sentencing, did not provide for the imposition of a term of supervised release. The district court treated the motion as a 28 U.S.C. § 2255 collateral attack on Badillo's conviction. The court denied the motion, and Badillo appealed.

## II.

At the time of Badillo's conviction and sentencing, a violation of § 846 was punishable "by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (1981). The substantive provision which Badillo violated, 21 U.S.C. § 841(a)(1), was punishable by imprisonment, fine, or both with the possible addition of a term of special parole. 21 U.S.C. § 841(b)(1)(B) (1981). Construed liberally, see, e.g., Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Badillo's pro se brief contends that the district court erred in ordering Badillo to undergo a term of supervised release because the 1981 version of § 846 allowed only the imposition of imprisonment, a fine, or both.

Badillo relies on Bifulco v. United States, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). In that case the Supreme Court vacated the term of special parole imposed on the defendant, who had been convicted of violating 21 U.S.C. § 846. The Court held that when read together §§ 846 and 841 were ambiguous as to what penalty a district court could pronounce for conspiracy to possess a controlled substance with the intent to distribute. Bifulco states: "the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." 447 U.S. at 387, 100 S.Ct. at 2252, quoting Ladner v. United States,

358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958).

The government responds that 18 U.S.C. § 3583(a) and Sentencing Guidelines § 5D3.1 authorized the district court to impose a term of supervised release on Badillo. Section 3583(a) states:

The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.

## III.

Badillo reasons that Bifulco's rule of lenity, triggered by ambiguity in the same statutes under which Badillo was convicted and sentenced, was not removed from the statutes until November 18, 1988, three days after Badillo was sentenced. At that time § 846 was amended by Congress specifically to deal with Bifulco. It now reads:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy (emphasis added).

The italicized language replaced the language in former § 846 which Bifulco interpreted as permitting only the imposition of a prison term, a fine, or both. In Badillo's case, we deal with pre-amendment § 846, however, which would seem to require us to apply the same rule of lenity applied by the Court in Bifulco. See also United States v. Diaz, 655 F.2d 580, 588–89 (5th Cir. Unit B 1981), cert. denied, 455 U.S. 910, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982), and cases cited therein where we have previously applied this rule.

A conclusion based on this analysis would not contradict our recent decisions in United States v. Camacho–Dominguez,

905 F.2d 82 (5th Cir.1990), *United States v. Chapa*, 904 F.2d 704 (5th Cir.1990) (table), or *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989), *petition for cert. filed,* —— U.S.L.W. —— (April 23, 1990). *Butler* is inapposite here, because in that case we decided only that "the addition of a period of supervised release authorized by § 3583(a) to a maximum jail sentence does not extend a party's imprisonment; therefore, it cannot create a violation of the maximum prison sentence allowed by statute." 895 F.2d at 1018. This issue is not raised by Badillo. In *Camacho–Dominguez* and *Chapa*, we decided that the passage of 18 U.S.C. § 3583(a) and Sentencing Guidelines § 5D3.1 prior to the sentencing in those cases did authorize the imposition of a supervised release term for convictions under 8 U.S.C. § 1160(b)(7)(A)(ii) and 21 U.S.C. § 843, respectively, even though those statutes were not specifically amended to list supervised release as a possible punishment. *Camacho–Dominguez* and *Chapa* establish that the authority of a district court to impose a term of supervised release in addition to the penalty fixed for a substantive crime may stem from § 3583(a). We held this statute is applicable to any felony or misdemeanor for which a prison term is imposed or under which supervised release is specifically required.

IV.

Other recent decisions require that we reject Badillo's argument and affirm the district court's judgment allowing Badillo's supervised release term to be added to his sentence for conspiracy to violate § 841(a)(1). An unpublished opinion, *United States v. Soto*, 904 F.2d 704 (1990), summarily affirmed the imposition of supervised release on a defendant convicted under former § 846 and § 841(a)(1), citing *Chapa*. In *United States v. Van Nymegen*, 910 F.2d 164 (5th Cir.1990) we held that supervised release and special parole were different and followed (but without citation) *Soto*'s holding that § 3583(a) constitutes an independent basis for imposing supervised release on a defendant who has been convicted of violating former § 846

and § 841(a)(1). The judgment of the district court must be affirmed.

V.

In the interest of precedential stability, we note our awareness of the significant countervailing arguments against affirmance.

*Bifulco* emphasized the ambiguity which then existed between the penalty for a § 846 conspiracy and the penalty for the § 841(a)(1) substantive drug offense that was the object of that conspiracy. Over a pointed dissent, the Supreme Court chose to apply the rule of lenity to that ambiguity. The difference in *Bifulco*'s effect can be misleading when applying the supervised release provision of § 3583 to a substantive crime and to a § 846 conspiracy involving that crime. Our intention in this Part V is to illuminate the source of confusion and state the unsettling problems left by the precedent we follow.

*Bifulco* was strong medicine, so strong that in November 1988 Congress enacted special legislation making clear that *Bifulco* was not in accord with its intent in the adoption of the Comprehensive Drug Abuse Prevention and Control Act of 1970. That single Act, *Bifulco* held, created an ambiguity between the punishment provisions of the § 846 conspiracy and the § 841 substantive crimes common to *Bifulco*, *Soto*, *Van Nymegen*, and our case today. We must attribute to Congress the knowledge that it had already enacted § 3583(a) in November 1987 when, with the express purpose of changing *Bifulco*'s rule, it enacted new § 846 in November 1988. Yet, our precedent says that in 1987 § 3583 added the power to impose a sentence of supervised release to § 846. This being so, and special parole having also in 1987 been taken out of § 841, there would no longer have been any reason to legislatively overrule *Bifulco* in 1988.

There is also a difficulty with reasoning that special parole differs from supervised release in some way that could affect the substantial rights of a defendant. Special

parole and supervised release each adds a potential for reimprisonment of a felon after completion of an initial period of incarceration. Each provides that violation of the terms of release status may result in a return to incarceration. Each is regulated by reporting and other restrictions on the subject's freedom for their duration. It is difficult to perceive enough of a distinction to make a difference. Our purpose here is to note that, despite these persuasive arguments, precedent constrains agreement with *Soto* and *Van Nymegen*. This is a narrow, short-lived area of the law. The impact will only endure while those few cases of sentences pronounced before November 1988 pass through the system.

### VI.

The judgment of the district court is AFFIRMED.