**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Luis BUITRAGO,**
**Defendant–Appellant.**

**No. 90–1383**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1990.

Rehearing Denied Jan. 23, 1991.

Jorge Buitrago, Danbury, Conn., pro se.

Terence Hart, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for U.S.

Before GEE, SMITH, and WIENER, Circuit Judges.

GEE, Circuit Judge:

Jorge Luis Buitrago was found guilty by a jury of aiding and abetting the distribution of over one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and of conspiring with three co-defendants from June 12, 1985, until March 7, 1986, to commit that offense, in violation of 21 U.S.C. § 846. In consequence, he was sentenced to twenty years imprisonment for the conspiracy count and to fifteen years imprisonment for the distribution count, to be served concurrently; to a three-year term of special parole; and to a mandatory special assessment of $100. His convictions were affirmed on appeal in an unpublished opinion. *United States v. Buitrago, et al.*, 812 F.2d 1403 (5th Cir. 1987) (unpublished). The United States Supreme Court denied certiorari. *Buitrago v. United States*, 483 U.S. 1025, 107 S.Ct. 3275, 97 L.Ed.2d 774 (1987).

In due course, Buitrago filed a pro se motion to correct an illegal sentence pursuant to Rule 35(a), asserting that the 20-year penalty imposed for the conspiracy count was unauthorized, that no special parole should have been imposed, and that the district court should have modified his sentence to show that his parole would be controlled by 18 U.S.C. § 4205(b)(1). This motion was denied by the district court.

■ Questions have arisen regarding the timeliness of Buitrago's notice of appeal, however, because Buitrago could have raised these issues in a petition filed pursuant to 28 U.S.C. § 2255 and because at the latest his notice was filed not more than forty days after the entry of the order appealed from, we may construe his motion as a request for relief under § 2255 and deem it timely. Claims brought under § 2255 are civil actions governed by the sixty-day appeal period of Fed.R.App.P. 4(a)(1). We therefore have jurisdiction to address the merits of his claim. *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir.1988); *United States v. Santora*, 711 F.2d 41, 42 (5th Cir.1983).

## *Analysis*
### The Special Parole Term

■ Buitrago asserts, among other complaints on appeal, that he should not have been sentenced to a special parole term. Correctly noting that special parole was, at the time of his offense, an unauthorized punishment for a violation of 21 U.S.C. § 846, he asserts that a special parole term cannot be imposed when punishment for a violation of § 846 is made to run concurrently with punishment for which special parole is authorized. There is no merit in this argument; however, we note *sua sponte* that for another reason the district court did err in imposing a term of special parole.

In Buitrago's sentencing hearing, the district judge did not mention that a term of special parole was to be imposed. On the written sentencing form, however, the three year special parole term was included. The sentencing form did not distinguish for which count of the indictment the punishment was intended. Both of these minor discrepancies are immaterial, however, because the sentencing court was

without authority to impose a special parole term. Special parole could not have been imposed for the conspiracy count of the indictment. *See Bifulco v. United States,* 447 U.S. 381, 400, 100 S.Ct. 2247, 2258–59, 65 L.Ed.2d 205 (1980); *United States v. Camacho–Dominguez,* 905 F.2d 82, 83 (5th Cir.1990). The district court, therefore, must have intended that the special parole term be imposed as additional punishment for the conviction on the distribution count of the indictment.

Buitrago was found guilty of aiding and abetting the distribution of over one kilogram of cocaine, in violation of § 841(a). Because Buitrago was convicted of an offense under § 841(a), he was subject to the penalty provisions of § 841(b). *De Los Reyes,* 842 F.2d at 756 n. 1. Congress had amended § 841(b) in 1984 to increase the maximum prison term for § 841(a) violations involving, among other things, a kilogram or more of cocaine and had established this penalty provision in § 841(b)(1)(A)(ii). *See United States v. Robles–Pantoja,* 887 F.2d 1250, 1258 (5th Cir. 1989). This is the subsection under which Buitrago was sentenced.

We have recognized, however, that this new penalty section did not authorize a term of special parole and that this circumstance continued until October 1986, when Congress again amended § 841(b). *See Robles–Pantoja,* 887 F.2d at 1258–59 ("Whether intentionally or inadvertently, Congress omitted the mandatory special parole term in the new section 841(b)(1)(A) created by the 1984 amendments"); *De Los Reyes,* 842 F.2d at 757 ("after October 12, 1984, special parole terms were mandated for sentences imposed under subsections 841(b)(1)(B), 841(b)(1)(C), and 841(b)(2) but were not authorized for sentences under subsection 841(b)(1)(A)").

Because the penalty statute under which Buitrago was sentenced did not authorize the imposition of a term of special parole, his sentence, which includes such a term, is in error. We must, therefore, VACATE in

part and REMAND this matter to the district court so that the term of special parole may be deleted from his sentence.[1]

---

1. The balance of our opinion, being limited to matter which lacks precedential value and merely decides this particular case on the bases of well-settled principles of law is disseminated to the parties but not released for publication.