978 F.2d 745
 298 U.S.App.D.C. 248
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES
v.
Troy WASHINGTON, Jr., Appellant.
 No. 91-3248.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 27, 1992.
 
 Before RUTH BADER GINSBURG, STEPHEN F. WILLIAMS and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the issue presented does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the attached memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, that the judgment from which this appeal has been taken be vacated, and that the case be remanded to enable the district court to rule in the first instance on the issue of "excusable neglect" as currently stated by appellant, under the time-frame set in Federal Rule of Appellate Procedure (4)(a)(1) and (5).
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 In ruling on the motion to extend time in which to file notice of appeal, the district court assumed that Rule 4(b) of the Federal Rules of Appellate Procedure, governing appeals in criminal cases, controlled. Rule 4(b) allows ten days after entry of judgment for the notice of appeal, subject to an extension, not to exceed 30 days, for "excusable neglect." The assumption that Rule 4(b) governed, both parties now acknowledge, was incorrect.
 
 
 5
 Appellant sought to vacate his sentence and withdraw his guilty plea. Such post-sentence pleas fall under 28 U.S.C. § 2255; the controlling time prescriptions are those in Rule 4(a)(1) and (5), which allow 60 days for the notice of appeal, subject to an "excusable neglect" extension of not more than 30 days. See United States v. Buitrago, 919 F.2d 348, 349 (5th Cir.1990) (§ 2255 claims are civil actions governed by 60-day appeal period of Rule 4(a)(1)).
 
 
 6
 The motion to extend in this case was made outside the 60-day period, but within the 30-day extension for "excusable neglect" period. Specifically, the clock started on June 7, 1991, upon entry of the district court's June 3 decision denying the defendant's motion to withdraw his guilty plea. The 60-day period terminated August 6, 1991, and the extension motion was made six days thereafter. Because we are a court of review, not one of first view, we think it appropriate to remand this matter to the district court for initial determination of the "excusable neglect" issue under the rubric of Rule 4(a)(5). We note that the justification now tendered by appellant has not yet been considered by the district court. See Reply Brief at 7-8 & n. 7 (asserting lack of representation by counsel from time of denial of motion to withdraw plea until time notice of appeal and request for extension were filed).