# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2013

No. 13-30223
Summary Calendar

Lyle W. Cayce
Clerk

JAMES WARD,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
Time Computation Legal Department; JAMES M. LEBLANC,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-2676

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Ward, Louisiana prisoner # 440314, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for failure to state a claim upon which relief could be granted. In his complaint, Ward had argued that Louisiana Revised Statute 15:571.3(D) was being applied in violation of his due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights and the Ex Post Facto Clause to render him ineligible, based on his prior conviction of aggravated assault, to earn good time credits.

We review de novo the dismissal of Ward's complaint, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010).

Ward argues, as he did in the district court, that Louisiana Revised Statute 15:571.3(D) is being applied in his case in violation of the Ex Post Facto Clause. He contends that his ability to earn good time credits should not be limited because the statute did not go into effect until after he was convicted of the 1992 aggravated assault that triggered its application.

Recidivist statutes do not implicate the Ex Post Facto Clause. *Gryger v. Burke*, 334 U.S. 728, 732 (1948). Because, as Ward concedes, Louisiana Revised Statute 15:571.3(D) was enacted in 1994, before Ward committed the armed robbery offense for which he is currently serving a sentence, the law was not applied retroactively. *See United States v. Rasco*, 123 F.3d 222, 227 & n.1 (5th Cir. 1997).

Ward contends that the district court, in denying his complaint, failed to follow a particular line of Supreme Court cases which he contends signal a return to the ex post facto ruling set forth in *Calder v. Bull*, 3 U.S. 386, 390 (1798). He also asserts that the district court erred by holding that he received notice of the statute when, in fact, he was never personally notified of its enactment. The district court gave the necessary attention to cases citing to *Calder*. Personal notification of a law's enactment is not required in order to satisfy due process. Thus, neither of these arguments has merit. *See United States v. Camacho-Dominguez*, 905 F.2d 82, 84 (5th Cir. 1990).

The district court's dismissal of Ward's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ward is CAUTIONED that if he accumulates three strikes, he will not be able to proceed

No. 13-30223

in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED