**UNITED STATES of America, Plaintiff,**

v.

**Donald B. HOFFMAN, Jr., Defendant.**

**No. A88-003 CR.**

United States District Court,
D. Alaska.

March 16, 1990.

Neil J. Evans, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff.

David W. Weed, Anchorage, Alaska, for defendant.

## ORDER

KLEINFELD, District Judge.

The Magistrate's recommendation is accepted. Defendant's motion to dismiss the petition on supervised release is denied.

Defendant raises a serious question. He was sentenced to the maximum imprisonment, one year, on his conviction for possession of cocaine, and to a term of supervised release of one year to follow the imprisonment. If the pending petition regarding his supervised release results in his serving more time, then he will serve a total amount of prison time exceeding the statutory maximum sentence of one year. I am persuaded, though, that Congress provided for this result.

Congress provided in 21 U.S.C. § 844(a) that a possessor of cocaine such as Hoffman "may be sentenced to a term of imprisonment for not more than one year." That is not the end, though, of the sentencing provisions written by Congress and applicable to this crime. Other statutory provisions, of equal dignity, provide for the possibility of additional time in prison amounting to a total in excess of one year.

Congress provided at 18 U.S.C. § 3583(a) that "in imposing a sentence to a term of imprisonment," the court "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." The important feature, for purposes of the issue before the court, is that the supervised release is not an alternative to imprisonment, as probation sometimes is, but instead follows imprisonment and cannot be imposed unless there is a sentence of imprisonment.

Congress provided at 18 U.S.C. § 3583(b)(3) that for Hoffman's crime, the authorized term of supervised release is "not more than one year." Finally, Congress provided at 18 U.S.C. § 3583(e)(3) that if a term of supervised release is revoked, the defendant may be required to serve "all or part of the term of supervised release" in prison.

Taking these provisions together, supervised release can only be imposed where there is imprisonment. The supervised release must follow imprisonment, and can have a duration of up to one year. After the term of imprisonment has been served, the defendant can go back to prison for the full term of supervised release.

Defendant Hoffman would have the court read the statutes in combination to mean that a defendant cannot be required to serve more than the statutory maximum of one year, even if he violates a condition of supervised release. If the statutes were ambiguous, the rule of lenity might compel such a reading. But a hypothetical case demonstrates that the statutes cannot possibly mean what defendant suggests, so there is no ambiguity, and the defendant's motion to dismiss the petition regarding violation of supervised release conditions must be denied.

Since Congress provided for a maximum term of supervised release of one year, and provided for the possibility of serving the entire one year term of supervised release in prison if revoked, there must be some case in which a defendant could serve a year in prison in consequence of a violation of the conditions of supervised release. Defendant's argument is that the more of the one year maximum term which is used up in the initial imprisonment, the less is left to be used if supervised release is revoked. Supervised release must always follow a prison term. The shortest possible prison sentence which could be followed by supervised release would be a prison sentence of one day. But even with the shortest possible imprisonment, the sum of time served under the imprisonment portion of the sentence, and time served for revocation of supervised release, would be one

**316**

year plus one day. This would be more than the one year maximum sentence provided for the misdemeanor, under defendant's interpretation.

Thus under defendant's interpretation, there could never be a case in which a misdemeanor with a one year maximum sentence resulted in serving a full year because of revocation of supervised release. Since Congress clearly provided for one year supervised release, with the possibility of serving the entire term upon revocation, after imprisonment on a one year maximum misdemeanor, defendant's construction cannot possibly be correct. It would have the statute create a category in which there could never be even the logical possibility of a single case.

The only way to avoid a construction which would render the statutory provisions absurd, is to construe the maximum as including not only imprisonment, but also supervised release with the possibility of revocation and further time in prison, subsequent to the imprisonment. Thus, a defendant can indeed serve a full year in prison, a term of up to one year under supervision, and then a full year in prison for violation of the conditions of supervised release. Nothing else gives meaning to all of the statutes that Congress passed with regard to the sentence which can be imposed for a misdemeanor such as Hoffman's.