**UNITED STATES of America, Plaintiff,**

v.

**Victor Manuel
MEDRANO–GONZALEZ, Defendant.**

No. 89–10074–01.

United States District Court,
D. Kansas.

Nov. 26, 1990.

Lee Thompson, U.S. Atty., Wichita, Kan., for plaintiff.

Charles D. Anderson, Federal Public Defender, Cyd Gilman, Asst. Federal Public Defender, Wichita, Kan., for defendant.

## MEMORANDUM OPINION

CROW, District Judge.

FACTS

This matter comes before the court upon the Government's motion to revoke the supervised release of Victor Medrano–Gonzalez. On September 19, 1989, Medrano, an alien who had been arrested and deported, and was thereafter found in the United States, was indicted for violation of 8 U.S.C. § 1326. Violation of 8 U.S.C. § 1326(a) is a Class E felony. On October 26, 1989, Medrano pleaded guilty to the crime charged. On January 8, 1990, Medrano was sentenced to a term of eight months of imprisonment. At that time, Medrano was also sentenced to a one year term of supervised release. On April 24, 1990, Medrano was released by the United States Bureau of Prisons upon his completion of the eight month sentence. Upon his release, Medrano apparently returned to Mexico. One condition of his supervised release was that Medrano was prohibited from illegal reentry of the United States.

On July 17, 1990, Medrano was arrested by the Liberal, Kansas Police Department and charged with possession of a firearm by a felon and possession of stolen property. INS placed a detainer on Medrano while he was held in the Seward County Jail. Those charges were subsequently dismissed for insufficient evidence. Medrano was released to the custody of the United States Marshall on August 30, 1990.

On August 31, 1990, the United States Probation Office filed a petition requesting a show cause hearing why Medrano's supervised release should not be revoked. On September 12, 1990, in Magistrate court, Medrano admitted to violating the terms of his supervised release. On October 19, 1990, a hearing was held before this court to determine the appropriate disposi-

tion of this matter. At that hearing, the defendant stipulated that his reentry into the United States constitutes a violation of the conditions of his supervised release. At the conclusion of arguments by counsel, the court announced that Medrano's supervised release would be revoked.

However, because this case involves somewhat novel issues under the sentencing guidelines and 18 U.S.C. § 3583, the court deferred final disposition of the matter until the parties had briefed the following two issues:

1. What length of sentence can be imposed upon Medrano?; and

2. What amount of credit should be given to Medrano for time he has spent in official detention prior to his sentencing?

The court, having considered the briefs of counsel and the applicable law, is now prepared to rule upon the matter.

### Length of Sentence for Violation of Supervised Release

Medrano contends that if the court revokes his one year period of supervised release, he should receive credit for the eight months which he served as his primary term of incarceration as well as for the time he has served since his arrest on July 17, 1990. If Medrano's interpretation of the law is correct, he has already "served" over twelve months of the one year he could be sentenced for violation of supervised release.[1] The Government opposes this interpretation of the law and contends that Medrano's supervised release should be revoked [2] and that the court should order him to spend that period of time in prison. It is the Government's position that the decision to give credit for time served lies solely within the discretion of the trial court. The Government also contends that Medrano should be given credit for time served from July 17, 1990.

Title 18 U.S.C. § 3583 authorizes the district court to place the defendant on a term of supervised release after imprisonment.

Modifications of conditions or revocation of supervised release is governed by 18 U.S.C. § 3583(e)(3), which provides:

> (e) *Modifications of conditions or revocation.* The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

> (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony.

Section 7A1.3 of the Sentencing Guidelines provides:

> *Revocation of Supervised Release* (Policy Statement)

> (a) Upon finding of a violation of supervised release involving new criminal conduct, other than criminal conduct constituting a petty offense, the court shall revoke supervised release.

> (b) Upon finding of a violation of supervised release involving conduct other than conduct under subsection (a), the court may: (1) revoke supervised release; or (2) extend the term of supervised release and/or modify the conditions of supervised release.

---

**1.** Medrano has already served eight months during his primary term of incarceration. Medrano has been incarcerated since July 17, 1990, slightly more than four months. The combination of the two time periods is therefore more than twelve months.

**2.** The court has already concluded that Medrano's supervised release should be revoked.

*Commentary*

This policy expresses a presumption that supervised release is to be revoked in the case of new criminal conduct other than a petty offense. For lesser violations, the policy statements provide that the court may revoke supervised release, extend the term of supervision, or modify the conditions of supervision.

As the parties note, very little case law has developed concerning the issue currently before the court. The sole case identified by the defendant in support of his construction of 18 U.S.C. § 3583(e)(3) is *United States v. Dillard,* 910 F.2d 461 (7th Cir.1990). In *Dillard* the defendant pleaded guilty to falsely representing a social security account number as his own with the intent to deceive a bank, in violation of 42 U.S.C. § 408(g)(2). Violation of 42 U.S.C. § 408(g)(2) is a Class D felony. Dillard was sentenced to 90 days imprisonment and a two-year term of supervised release. Dillard served the 90 days and was placed on supervised release. Dillard apparently failed to comply with several conditions of his supervised release. The district court revoked the term of supervised release and sentenced Dillard to a term of imprisonment of one year and one day.

Dillard appealed, raising several challenges to the district court's decision. In addition to challenging the adequacy of the evidence used by the court to justify revocation, Dillard challenged the court's imposition of a term of incarceration and the length of sentence. Dillard contended that under the sentencing guidelines he could have received a prison sentence of no longer than eight months, and that imposition of any sentence in excess of eight months should require proof of aggravating circumstances.

In affirming the district court, the Seventh Circuit commented:

Dillard correctly asserts that Congress sought uniformity in sentences when it established the Sentencing Commission. That purpose, he argues would be frustrated had Congress given judges, in sentencing a defendant after revoking supervised release, the discretion to impose a sentence that exceeded the allowable first-time sentence for the underlying offense.

This argument notwithstanding, Congress did what Dillard says they ought not to have done. Section 3583(e)(3) allows a district court to "require the person [whose supervised release is revoked] to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision ...." Thus, the district court was authorized to sentence him to two years in prison on the basis of the length of his supervised release term. Section 3583(e)(3) also places absolute limits on the total length of the sentence an offender can serve pre- and post-release, for each category of crime. Because Dillard committed a Class D felony, section 3583(e)(3) limits his total prison sentence for that crime to two years. Thus, taken together, these two provisions limit the maximum allowable prison sentence the district court could have imposed upon Dillard when revoking his supervised release to twenty-one months, two years less the three months served prior to his supervised release.

910 F.2d at 466. Thus, the court in *Dillard* concluded that Section 3583(e)(3) grants the district court fairly broad discretion in imposing a term of imprisonment for violation of supervised release. However, that discretion is subject to the absolute limits found in section 3583(e)(3).[3]

The Seventh Circuit went on to comment:

**3.** The Seventh Circuit interpreted the phrase "except that a person whose term is revoked under this paragraph may not be required to serve more than ... 2 years in prison if the offense was a Class C or D felony" to be an absolute limitation of time a person could spend in prison (primary term of incarceration and imprisonment arising from revocation of super-

vised release). While that is one possible interpretation, it appears to this court that the Seventh Circuit's interpretation is not consistent with the language of the statute, nor the purpose of supervised release. The phrase is better interpreted as an absolute limitation on the time of imprisonment that can be imposed following revocation of supervised release without regard

In the legislative history of the statute, Congress revealed why it did not require district courts to conform to the Guidelines when imposing sentences after revocation of supervised release terms. As the Ninth Circuit has observed: "In passing § 3583, Congress sought to replace a parole system in which the length of post-incarceration supervision was dependent upon the length of the original prison term with a supervised release system in which the length of such supervision is dependent solely on the defendant's need for supervision after release from jail." [*United States v. Montenegro–Rojo*, 908 F.2d 425, 432 (9th Cir. 1990).] Thus, the length of a supervised release term does not bear a direct relation to the initial sentence, nor to the maximum possible initial sentence, since the term of supervised release is to be tailored to the needs of individual defendants. Furthermore, the implications of section 3583's provisions reveal that Congress intended district courts to have the authority to sentence defendants to a significant term of imprisonment "in consequence of a violation of the conditions of supervised release."

910 F.2d at 466–467.

■ This court concludes that giving credit to the defendant for time already served under the primary term of incarceration toward the defendant's term of imprisonment for violation of supervised release is a matter within the discretion of the district court. The length of imprisonment following revocation of supervised release is, of course, subject to the absolute limits found in section 3583(e)(3).[4] This interpretation is consistent with the sentencing guidelines, section 3583(e)(3) and the limited case law that has interpreted that section.

In *United States v. Hoffman*, 733 F.Supp. 314 (D. Alaska 1990), the defendant was convicted of possession of cocaine, and was sentenced to the maximum term of imprisonment of one year on his conviction and to a one year term of supervised release following the primary term of incarceration. The defendant contended that if the pending petition regarding his supervised release resulted in his serving more time, then he would serve a total amount of prison time exceeding the statutory maximum sentence of one year.

The district court rejected the defendant's arguments. A hypothetical demonstrated the court's analysis:[5]

Since Congress provided for a maximum term of supervised release of one year, and provided for the possibility of serving the entire one year term of supervised release in prison if revoked, there must be some case in which a defendant could serve a year in prison in consequence of a violation of the conditions of supervised release. Defendant's argument is that the more of one year maximum term which is used up in the initial imprisonment, the less is left to be used

to the time served under the primary term of incarceration.

A simple hypothetical illustrates the point: Assume that a defendant is convicted of a Class B felony. A Class B felony is a crime punishable by twenty-five years or more. 18 U.S.C. § 3559. If the Seventh Circuit is correct, that defendant, obviously having served more than three years in prison under his primary term of incarceration, could never be imprisoned for violation of the terms of supervised release.

This is a very unlikely interpretation of Congressional intent and seems contrary to the notion that violation of the terms of supervised release is a separate offense. The limitations found in section 3583(e)(3) are best viewed as limitations on the terms of incarceration that can be imposed following revocation of supervised release. This interpretation is also consistent

with the time limitations found in 18 U.S.C. § 3583(b).

4. However, the absolute time limitations found in section 3583(e)(3) are not, by their own terms, applicable to Medrano's crime.

5. The hypothetical presented by the Government in the case at bar to demonstrate the fallacy of Medrano's argument utilizes similar logic. In the Government's hypothetical, a defendant who receives a five year term of imprisonment and a subsequent term of three years of supervised release could never, under Medrano's interpretation, be required to serve any time due to violation of supervised release. Obviously, this is a very unlikely interpretation of Congressional intent as it would thwart the court's ability to effectively use supervised release as a means of rehabilitation or correction.

if supervised release is revoked. Supervised release must always follow a prison term. The shortest possible prison sentence which could be followed by supervised release would be a prison sentence of one day. But even with the shortest possible imprisonment, the sum of time served under the imprisonment portion of the sentence, and time served for revocation of supervised release, would be one year plus one day. This would be more than the one year maximum sentence provided for the misdemeanor, under defendant's interpretation.

Thus under defendant's interpretation, there could never be a case in which a misdemeanor with one year maximum sentence resulting in serving a full year because of revocation of supervised release. Since Congress clearly provided for one year supervised release, with the possibility of serving the entire term upon revocation, after imprisonment on a one year maximum misdemeanor, defendant's construction cannot possibly be correct. It would have the statute create a category in which there could never be even the logical possibility of a single case.

The only way to avoid a construction which would render the statutory provisions absurd, is to construe the maximum as including not only imprisonment, but also supervised release with the possibility of revocation and further time in prison, subsequent to the imprisonment. Thus, a defendant can indeed serve a full year in prison, a term of up to one year under supervision, and a full year in prison for violation of the conditions of supervised release. Nothing else gives meaning to all of the statutes that Congress passed with regard to the sentence which can be imposed for a misdemeanor such as Hoffman's.

733 F.Supp. at 315–316. Implicit in the court's analysis is the proposition that a defendant is not entitled to time for credit for time served while in custody under the original sentence.

**6.** Therefore revocation of supervised release

This court's interpretation of section 3583 is consistent with the Fifth Circuit's decision in *United States v. Celestine,* 905 F.2d 59 (5th Cir.1990). In *Celestine,* the defendant received a sentence of eight months in prison and a one year period of supervised release. Celestine's violations of conditions culminated in the revocation of his supervised release.

On appeal, Celestine contended that the twenty months of imprisonment (eight months for the underlying conviction plus twelve months for violation of supervised release) violated the eighth amendment's proscription against cruel and unusual punishment because his term of imprisonment exceeded the one year statutory maximum provided for the crime he had committed. The Fifth Circuit rejected his argument:

> Congress has authorized two separate punishments—the primary term of incarceration and the term of supervised release. *See* 18 U.S.C. § 3583, subsections (a) and (b)(3). In the instant case, it was Celestine's violation of the conditions of his supervised release rather than the underlying offense conduct, that led to Celestine's current incarceration.

905 F.2d at 60. Clearly, Celestine did not receive credit for eight months he had already served for his primary term of incarceration.

■ If violation of supervised release is treated as a separate offense, it is illogical to automatically subtract the amount of time served under the primary term of incarceration from the time he served for violation of supervised release.[6] In this court's opinion, time served during the primary term of incarceration is better considered as a factor in determining the appropriate term of incarceration to be served for violation of supervised release. This interpretation is consistent with section 3583 and the factors to be considered in section 3553.

Medrano's contention that there "is a quagmire of inconsistencies regarding how much incarceration a person can serve upon revocation of supervised release under 18 U.S.C. § 3583(e)" simply ignores the

and revocation of probation are not identical.

rule of statutory construction that specific limitations control over general language. Section 3583(e) authorizes the district court, after considering the factors set forth in section 3553, to require the defendant to serve a term in prison for violation of the terms of supervised release. The time limitations found in section 3583(e)(3) are specific, absolute time limitations, that simply constrain the district court's discretion in imposing incarceration after revocation of supervised release in Class B, C and D felony cases. Those limitations do not create a "quagmire of inconsistencies," nor do those limitations affect the court's discretion in this case.

IT IS THEREFORE ORDERED that the defendant VICTOR MANUEL MEDRANO–GONZALEZ is sentenced to one year (365 days). Medrano shall receive credit for the time spent in incarceration from July 17, 1990, until today, a total of 133 days.