UNITED STATES of America,
Plaintiff–Appellee,

v.

**Michael Wayne BUTLER,**
**Defendant–Appellant.**

No. 89–4486
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1989.

Rehearing and Rehearing En Banc
Denied Feb. 23, 1990.

Gary M. Parker (court-appointed), Nelson, Hammons & White, Shreveport, La., for defendant-appellant.

William J. Flanagan, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Jack W. Grady, Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

CLARK, Chief Judge:

## I.

Michael Wayne Butler, who pled guilty to one count of interstate travel to facilitate unlawful activity, appeals the sentence imposed on him by the United States District Court for the Western District of Louisiana. We affirm.

## II.

Michael Wayne Butler and a codefendant traveled from Shreveport, Louisiana, to Fort Worth, Texas, to purchase various precursor chemicals used in the manufacture of methamphetamine. The two men returned to Louisiana and rented a cabin in Lake Bistineau State Park where Butler began processing the chemicals into methamphetamine. Investigators later discovered in Butler's possession a canister of approximately thirty-eight and one-half pounds of mixture containing methamphetamine.

Pursuant to a plea agreement, Butler pleaded guilty to one count of interstate travel to facilitate an unlawful activity. The government in turn dismissed four related counts. The court sentenced Butler to serve a prison term of sixty months, the statutory maximum, to be followed by a two-year period of supervised release. Butler filed a timely notice of appeal.

## III.

### A. The Statutory Maximum Sentence

Butler argues that the imposition of a period of supervised release where the statutory maximum period of confinement has also been imposed constitutes the imposition of a sentence greater than that authorized by Congress. Butler contends that such a sentence results in cruel and unusual punishment in violation of the Eighth Amendment to the federal Constitution and deprives him of his liberty without due process in violation of the fifth amend-

ment. Butler cites no authority for this novel argument, and the relevant statutes reveal this claim's lack of merit.

A party found guilty of violating 18 U.S.C. § 1952(a) (1989), the statute to which Butler pleaded guilty, "shall be fined not more than $10,000 or imprisoned for not more than five years, or both." *Id.* Congress has additionally provided that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment...." 18 U.S.C. § 3583 (1989). Congress developed the supervised release program in order:

> [T]o ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release.

H.R.Rep. No. 98–1030, 98th Cong., 2nd Sess. 124, *reprinted in* U.S.Code Cong. & Admin.News 1984, 3182, 3307. The addition of a period of supervised release to a maximum jail sentence does not extend a party's imprisonment; therefore, it cannot create a violation of the maximum prison sentence allowed by statute.

### B. Drug Quantity Determination Under the Guidelines

██ Butler objects to the drug quantity used by the district court in calculating his offense level. He argues that the district court erred in counting the entire thirty-eight and one-half pounds of liquid recovered from the canister toward his Guideline base offense level. Butler contends that the canister contained only seven to fourteen grams of a controlled substance and that the remainder of the canister contained "lye water." He further maintains that the maximum amount of a controlled substance that could have been manufactured from the chemicals he had purchased was approximately one and one-half pounds.

The government is correct in arguing that Butler's contention is foreclosed by an official Note to Guideline § 2D1.1, which states in pertinent part:

> The scale amounts for all controlled substances refer to the total weight of the controlled substance. Consistent with the provisions of the Anti–Drug Abuse Act, if any mixture or compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity.

In *United States v. Baker*, 883 F.2d 13 (5th Cir.1989), we applied this guideline to a situation similar to the one presented in this case. In *Baker*, officials seized forty pounds of a liquid which contained between one percent and twenty-three percent methamphetamine. The remainder of the liquid was waste material, yet the weight of the whole solution was used by the district court in calculating the Guideline amount of methamphetamine. We affirmed this application of the guidelines. *Id.* In another decision, we held that the calculation of the quantity of LSD used for Guideline purposes properly included the weight of its distribution medium paper, even though the paper was heavier than the LSD itself. *United States v. Taylor*, 868 F.2d 125, 127–28 (5th Cir.1989). These cases demonstrate that Butler's claim has no merit.

### IV.

The decision of the district court is AFFIRMED.