**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary CELESTINE,
Defendant–Appellant.**

**No. 89–8046
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 22, 1990.

Mary Stillinger, Caballero, Panetta & Ortega, El Paso, Tex., (Court-appointed), for defendant-appellant.

LeRoy M. Jahn, Philip Police, Asst. U.S. Attys., Ronald F. Ederer, Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

Gary Celestine appeals the district court's imposition of a one year sentence for violations of the conditions of a term of supervised release. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In September 1988, Gary Celestine (Celestine) was arrested after detectives observed Celestine shoplifting several items from the Main Post Exchange at Fort Bliss, Texas. Celestine was indicted on one count of theft of government property valued in excess of $100.00, a felony. In a plea bargain agreement, Celestine pled guilty to an information charging him with theft of government property under $100.00, a misdemeanor, in exchange for dismissal of the felony indictment. The district court sentenced Celestine to eight months' imprisonment and a one year term of supervised release. Celestine was released from custody after being given credit for time served.

After his release, Celestine's lack of adherence to the conditions of his supervised release term culminated in the district court's revocation of the term and an order sentencing Celestine to one year's imprisonment. Celestine thereafter filed the instant appeal.

## II. DISCUSSION

■ On appeal, Celestine argues that twenty months' imprisonment[1] violates the eighth amendment's proscription against cruel and unusual punishment because it exceeds the one year statutory maximum provided for an offense involving the theft of government property valued at less than $100.00. Celestine's argument, however, is foreclosed by a prior holding of this Court in *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989). In *Butler*, the Court, concluding that the addition of a supervised term of release does not extend a defendant's term of imprisonment, rejected the argument that the eighth amendment is violated when the sentencing court imposes a term of supervised release in addition to the statutory maximum term of imprisonment.

While the instant case factually differs somewhat from *Butler* in that the supervised term here was not only imposed but revoked, the reasoning in *Butler* nevertheless effectively defeats Celestine's argument. Congress has authorized two separate punishments—the primary term of incarceration and the term of supervised release. *See* 18 U.S.C. § 3559(a)(6); 18 U.S.C. §§ 3583, subsections (a) and (b)(3). In the instant case, it was Celestine's violation of the conditions of his supervised release rather than the underlying offense conduct, that led to Celestine's current incarceration.

■ Celestine next argues that twenty months of incarceration effectively upgrades his misdemeanor to a felony. In that regard, Celestine contends that his sentence constitutes a violation of his fifth amendment right to indictment by grand jury for an infamous crime. Celestine's argument is predicated on the contention that the one year term of supervised release and the eight month term on the underlying conviction are part and parcel of the same sentence. As discussed above, however, Congress has authorized two separate punishments for the offense of which Celestine was convicted. Moreover, the fifth amendment protection which Celestine

---

**1.** Celestine combines the term of eight months on the underlying conviction with the term of twelve months on the revocation of the term of supervised release to arrive at the twenty month figure.

seeks attaches only to infamous crimes. Since the United States Supreme Court has held that an infamous crime is one punishable by imprisonment in a penitentiary, and since Congress has foreclosed imprisonment in the penitentiary for the offense conduct in the instant case, Celestine's contentions are without merit. *See Green v. United States*, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958) and 18 U.S.C. § 4083.

## III. CONCLUSION

The district court's imposition of a one year term of incarceration after finding that Celestine violated the conditions of his term of supervised release was not error. The sentence is affirmed.

AFFIRMED.