**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Winnie R. WILLIAMS, Defendant–Appellant.**

**No. 90–8192.**

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1990.

Robert J. Perez, Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for defendant-appellant.

Michael R. Hardy, LeRoy M. Jahn, Asst. U.S. Atty., Roland F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GARWOOD, and JOLLY, Circuit Judges.

WISDOM, Circuit Judge:

The primary issue presented by this case is whether a United States Magistrate has jurisdiction to revoke a defendant's supervised release. Because we hold that a magistrate does not have this jurisdiction, we REVERSE the judgment and REMAND the case to the district court to conduct a supervised release revocation hearing for defendant.

## I. FACTUAL BACKGROUND

On July 21, 1988, Winnie R. Williams was charged in a felony complaint with theft of property in excess of one hundred dollars within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 661. Specifically, Williams was charged with shoplifting over $300 worth of perfume from the post exchange at Fort Bliss, Texas.

On August 11, 1988 a written plea agreement was filed with the United States District Court for the Western District of Texas—El Paso Division in which Williams agreed to plead guilty to a one count misdemeanor information charging her with theft of less than one hundred dollars. The plea agreement provided that, in exchange for the plea, the government would move to dismiss the felony complaint at the time of sentencing.

Williams pleaded guilty to the one count misdemeanor information on August 15,

1988. On September 23, 1988 a United States magistrate sentenced Williams to a term of imprisonment of ten months to be followed by a one year term of supervised release.[1] The supervised release was conditioned, among other things, on Williams' complying with all federal, state, and local criminal laws, on her refraining from the use of any unprescribed controlled substance, on her participation in any drug or alcohol treatment program directed by her probation officer, and on her reporting regularly to her probation officer. A special assessment of $25 was imposed pursuant to 18 U.S.C. § 3013, but no fine or costs were imposed. The felony complaint was dismissed on the government's motion. Williams did not appeal her conviction or sentence.

After Williams completed her ten month sentence, and while she was on supervised release, the government filed a motion to revoke her supervised release. Based on evidence that Williams had used unprescribed controlled substances, failed to report to her probation officer for scheduled urinalysis, and failed to participate in a drug treatment program, the magistrate found that Williams had violated the terms of her supervised release. On November 3, 1989, the magistrate revoked Williams's supervised release and sentenced her to imprisonment for one year without credit for time served on post-release supervision.

Williams appealed to the United States District Court for the Western District of Texas. On March 12, 1990, the district court affirmed the magistrate's order revoking Williams's supervised release and affirmed the sentence imposed. Williams appealed to this Court.

## II. A UNITED STATES MAGISTRATE DOES NOT HAVE JURISDICTION TO REVOKE A DEFENDANT'S SUPERVISED RELEASE

■ The district court held that the United States magistrate had jurisdiction under 18 U.S.C. § 3583 or 18 U.S.C. § 3401 to

sentence Williams for violation of her supervised release. We disagree. And we find no authority giving a magistrate such jurisdiction.

Title 18 U.S.C. § 3401 is entitled "Misdemeanors; application of probation laws", and provides in part:

(a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district ...

(d) The probation laws shall be applicable to persons tried by a magistrate under this section, and such officer shall have power to grant probation and to revoke or reinstate the probation of any person granted probation by him.

Under the Sentencing Reform Act of 1984, misdemeanors are divided into three classes. Class A, the type of misdemeanor which Williams was sentenced for, is the most serious misdemeanor and is defined as an offense with a maximum authorized term of imprisonment of "one year or less but more than six months." 18 U.S.C. § 3559(a)(6).

■ The government argued that since subsection (a) of § 3401 authorizes a magistrate to try misdemeanor cases and to impose sentences in those cases, this grant of sentencing authority implicitly authorizes a magistrate to revoke in a later hearing any supervised release he may have imposed at the initial sentencing. We cannot agree with this argument, in the light of subsection (d) which explicitly authorizes a magistrate to revoke probation in a case that was tried before him. The use of an explicit provision to grant this authority to a magistrate indicates to us that the grant of authority in subsection (a) was not enough to authorize a magistrate to revoke probation. If subsection (a) was not sufficient to authorize a magistrate to revoke probation, it cannot be sufficient to

---

**1.** A United States magistrate presided over the entire case in accordance with Williams's writ-

ten consent. *See* 18 U.S.C. § 3401(b).

authorize a magistrate to revoke supervised release.

Indeed, a magistrate's revocation of supervised release is a more drastic remedy than revocation of probation. A magistrate's revocation of supervised release can result in a term of imprisonment that is in addition to the previously imposed term of imprisonment; thus, it is possible that a defendant convicted of a Class A misdemeanor could serve up to a year of imprisonment and then be required to serve an additional year of imprisonment upon revocation of supervised release. Indeed, this is what happened to Williams. In contrast, probation is given in lieu of imprisonment so that the original term of imprisonment added to the term of imprisonment imposed upon the revocation of probation can never equal more than one year, as far as a Class A misdemeanor is concerned. Admittedly, subsection (d) was enacted prior to the introduction of supervised release in the Sentencing Reform Act of 1984; however, it has not been amended to include supervised release.

Title 18 U.S.C. § 3583, which is the provision of the United States Code establishing the remedy of supervised release, lends no support to the government's argument that a magistrate has jurisdiction to revoke a supervised release. Section 3583 provides:

(a) **In general.**—The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute....

(e) **Modification of conditions or revocation.**—The court may,....

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ...;

(2) extend a term of supervised release ...; or

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision,....

The United States Attorney urges us to read this statute expansively to interpret "the court", as used in subsection (a), as "the sentencing court," which would encompass magistrates. In support of this interpretation, the United States Attorney cites the legislative history of the Criminal Law and Procedure Technical Amendments Act of 1986 which, in describing some of the amendments, states: "Section 12 of the bill amends 18 U.S.C. 3583(e), which authorizes a sentencing court to modify the terms and conditions of supervised release, which (if ordered) follows a term of imprisonment." House Report No. 99–797, 99th Cong., 2d Sess. 20 (1986), U.S.Code Cong. & Admin.News 1986, pp. 6138, 6143. This reference, however, to "sentencing court" was not incorporated into the bill as it was finally adopted. *See* P.L. 99–646, 100 Stat. 3592, 3594 (1986).

In addition, this interpretation of "the court" would not be consistent with the interpretation of the statutes giving the magistrate authority with respect to probation revocations. Section 3565 of U.S.C. Title 18 authorizes "the court" to revoke probation under certain enumerated conditions. The term "court", however, cannot encompass magistrates for purposes of section 3565 because the powers granted to "the court" in that section are considerably broader than those granted to the magistrate in 18 U.S.C. 3401(d), which allows magistrates to revoke probation only when the magistrate presided at the original trial. Thus, a magistrate may only revoke probation within the limited confines of § 3401(d) and not under the broader authority of § 3565.

The only other possible source of the magistrate's jurisdiction to revoke a supervised release is 28 U.S.C. § 636(b)(3). This section provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution

and laws of the United States." Federal Rule of Criminal Procedure 32.1(a)(1) provides that "[w]henever a person is held in custody on the grounds that the person has violated a condition of probation or supervised release, the person shall be afforded a prompt hearing before any judge, or a United States magistrate who has been given authority pursuant to 28 U.S.C. § 636 to conduct such hearings, in order to determine whether there is probable cause to hold the person for a revocation hearing...." Rule 32.1 contemplates that a magistrate may hold a preliminary hearing on a motion to revoke supervised release or probation, if given authority to do so by a district court by 28 U.S.C. § 636. This rule does not indicate that a magistrate can also hold a revocation hearing. Rule 32.1(a)(2) states that "[t]he revocation hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction."

Two other circuits have examined a magistrate's jurisdiction to revoke probation with regard to 28 U.S.C. § 636. To our knowledge, no circuit has examined a magistrate's jurisdiction to revoke a supervised release.[2] In *Banks v. United States*, 614 F.2d 95 (6th Cir.1980) and *United States v. Curry*, 767 F.2d 328 (7th Cir.1985) a magistrate had held a probation revocation hearing and then made his recommendation to a district judge, who made the final decision to revoke probation and issued the sentence. In *Banks* the magistrate was acting on the basis of a local rule, adopted under 28 U.S.C. § 636(b)(3), that authorized magistrates to conduct probation revocation hearings. The Sixth Circuit discussed in detail the history of 28 U.S.C. § 636 and pointed out that Congress was very careful to limit referrals to a magistrate. The Sixth Circuit found that § 636(b)(3) "was meant to apply only to procedural and administrative matters." *Banks*, 614 F.2d at 97. The court noted that the issues adjudi-

cated at a revocation hearing encompass "fact-finding and credibility assessment" and "are not procedural or administrative and do not turn on pure matters of law." *Id.* at 98. Because fact-finding functions are primarily retained by district court judges, the Sixth Circuit held that "a probation revocation hearing was not meant to be included as one of the duties which could be delegated to a magistrate." *Id.* at 98. The *Banks* court also noted the importance of giving the district judge an opportunity to assess the defendant before resentencing him, stating, "[a] cold hearing record is no substitute for personal observation." *Id.* at 99.

*United States v. Curry* involved an almost identical scenario. Acting upon a reference by a district court, a magistrate conducted a probation revocation hearing. Upon the magistrate's recommendation, the district court revoked probation and sentenced the defendant. The reference was made on the basis of 28 U.S.C. § 636(b)(3). Relying on *Banks v. United States*, the Seventh Circuit found that a magistrate cannot conduct a probation revocation hearing.

The reasoning of *Banks* and *Curry* is persuasive in the situation before this Court. Indeed, the safeguards advocated by the Sixth and Seventh Circuits in cases where the magistrate had held a revocation hearing but the district court had made the final sentencing decision are implicated even more so in Williams's case where the magistrate not only conducted the revocation hearing but made the sentencing decision too.[3]

The *Banks* and *Curry* decisions can be distinguished from the case before us in that in those cases, unlike Williams's, the original sentencing was not performed by the magistrate who later conducted the revocation hearing. Indeed, the *Banks* court stated that "[t]he vital consideration is that the same person who is doing the

---

**2.** The only case we could find where a magistrate conducted a supervised release revocation hearing was the unpublished opinion in *United States v. Ybarra*, No. SA–88–CR–203(1) (June 5, 1990). *Ybarra* did not explicitly address this jurisdictional issue although, by implication, the district court found that a magistrate had juris-

diction to conduct a supervised release revocation hearing.

**3.** In Williams' situation the district court exercised only standard appellate jurisdiction under 18 U.S.C. § 3742(g).

sentencing conduct the hearing." *Id.* at 99–100, n. 12 and citations therein. This Court takes the view that this concern of the *Banks* court would be answered if the magistrate who sentenced a defendant conducted a preliminary hearing on a motion to revoke a supervised release as contemplated by Fed.R.Crim.Pro. 32.1(a)(1).

In summation, although there is an express provision, 18 U.S.C. § 3401(d), giving a magistrate jurisdiction to revoke probation in a case where he presided at the original trial and sentencing, there is no comparable provision giving a magistrate jurisdiction to revoke a supervised release imposed by him. In the light of the lack of statutory authority, as well as the concerns raised by the Sixth and Seventh Circuits, respectively, in *Banks* and *Curry,* this Court is reluctant to expand the jurisdiction of magistrates in an area traditionally reserved to Article III judges. Accordingly, we hold that a magistrate does not have the power to revoke a supervised release.

### III. A SENTENCE OF IMPRISONMENT RENDERED UPON REVOCATION OF A SUPERVISED RELEASE WHICH, WHEN ADDED TO THE TERM OF IMPRISONMENT ALREADY SERVED FOR A CLASS A MISDEMEANOR, EXCEEDS ONE YEAR DOES NOT VIOLATE A DEFENDANT'S FIFTH AMENDMENT RIGHTS

Williams asks this Court to hold, taking into account the Fifth Amendment concerns that are raised by a contrary interpretation, that imprisonment upon revocation of a supervised release which, when added to the term of original imprisonment, exceeds one year is unconstitutional in the context of a misdemeanor prosecution by information.

This argument was addressed by this Court in *United States v. Celestine,* 905 F.2d 59 (5th Cir.1990). In *Celestine,* the defendant pleaded guilty to a one count information charging him with the misdemeanor theft of government property under one hundred dollars. The district court sentenced him to eight months in prison to be followed by one year of supervised release. After serving his term of imprison-

ment, Celestine failed to adhere to the conditions of his supervised release; the district court, therefore, revoked his supervised release and sentenced him to one year in prison.

On appeal, Celestine argued, in part, that the combination of the eight months of imprisonment imposed for the underlying conviction and the one year of imprisonment imposed upon revocation of his supervised release combined to convert his misdemeanor into a felony. His argument was that his sentence constituted a violation of his Fifth Amendment right to indictment by grand jury for an infamous crime. This Court rejected this argument, stating:

> As discussed above, however, Congress has authorized two separate punishments for the offense for which Celestine was convicted. Moreover, the fifth amendment protection which Celestine seeks attaches only to infamous crimes. Since the United States Supreme Court has held that an infamous crime is one punishable by imprisonment in a penitentiary, and since Congress has foreclosed imprisonment in the penitentiary for the offense conduct in the instant case, Celestine's contentions are without merit. *See Green v. United States,* 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958) and 18 U.S.C. § 4083.

*Celestine,* 905 F.2d at 60–61.

Following *United States v. Celestine,* we hold that the imposition of a prison term upon the revocation of a supervised release which, when added to the original prison term, exceeds one year does not violate a defendant's Fifth Amendment right to indictment by a grand jury for an infamous crime.

### IV. A SENTENCE OF IMPRISONMENT RENDERED UPON REVOCATION OF A SUPERVISED RELEASE WHICH, WHEN ADDED TO THE TERM OF IMPRISONMENT ALREADY SERVED FOR A CLASS A MISDEMEANOR, EXCEEDS ONE YEAR IS IN ACCORD WITH BOTH STATUTORY MANDATES AND THE CONSTITUTION

Williams further argues that, by statutory mandate, her total imprisonment,

including that imposed upon revocation of supervised release, may not exceed one year. We reject this argument.

Williams points out that 18 U.S.C. § 661, the section under which she was convicted, provides, for theft of $100.00 or less, a term of imprisonment of "not more than one year." Under 18 U.S.C. § 3559(a)(6), the offense is a Class A misdemeanor. Subsection (b) of section 3559 provides:

**Effect of classification.**—An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense.

Williams argues that the language of section 3559 limits her sentence to one year, but maintains that she should prevail even if section 3583, which authorizes supervised release, is deemed to create an ambiguity. She argues that because a term of supervised release is penal in nature, any ambiguity in the sentence permitted must be resolved in the defendant's favor.

This issue is controlled by *United States v. Celestine* and *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989), *cert. denied*, — U.S. ——, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990). The defendant in *Celestine*, in a case very similar to Williams's, argued that his total imprisonment upon revocation of supervised release exceeded the one year term of imprisonment authorized by statute for his misdemeanor theft conviction. Celestine had served eight months on the underlying conviction which, when added to the term of twelve months imposed upon the revocation of supervised release, made a total of twenty months imprisonment. This Court, relying on *United States v. Butler*, rejected that argument, explaining as follows:

On appeal, Celestine argues that twenty months' imprisonment violates the eighth amendment's proscription against cruel and unusual punishment because it exceeds the one year statutory maximum provided for an offense involving the theft of government property valued at less than $100.00 Celestine's argument, however, is foreclosed by a prior holding of this Court in *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989). In *Butler*, the Court, concluding that the addition of a supervised term of release does not extend a defendant's term of imprisonment, rejected the argument that the eighth amendment is violated when the sentencing court imposes a term of supervised release in addition to the statutory maximum term of imprisonment.

While the instant case factually differs somewhat from *Butler* in that the supervised term here was not only imposed but revoked, the reasoning in *Butler* nevertheless effectively defeats Celestine's argument. Congress has authorized two separate punishments—the primary term of incarceration and the term of supervised release. *See* 18 U.S.C. § 3559(a)(6); 18 U.S.C. §§ 3583, subsections (a) and (b)(3). In the instant case, it was Celestine's violation of the conditions of his supervised release rather than the underlying offense conduct, that led to Celestine's current incarceration.

*Celestine*, 905 F.2d at 60.

Relying on *United States v. Celestine* and *United States v. Butler*, we hold that a sentence of imprisonment rendered upon revocation of a supervised release which, when added to the term of imprisonment already served for conviction of a Class A misdemeanor, exceeds one year is valid and constitutional.

## V.  CONCLUSION

For the reasons stated above, we REVERSE and REMAND to the district court to conduct a supervised release revocation hearing.