934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony CAPUTO, Defendant-Appellant.
 No. 90-6444.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1991.
Decided May 28, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-313-A; CA-90-1359-AM)
 Michael Anthony Caputo, appellant pro se.
 Cynthia Young, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Anthony Caputo appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Caputo pled guilty in 1989 to a three-count information charging him with possession of heroin, 21 U.S.C. Sec. 844 (Count I); possession of controlled paraphernalia, 18 U.S.C. Sec. 13 assimilating Va.Code 54.1-3466 (Count II); and failure to appear before a United States Magistrate Judge, 18 U.S.C. Sec. 3146 (Count III). He was sentenced to six months concurrent on Counts I and II and to three months consecutive on Count III, for an active prison term of nine months. He also was sentenced to supervised release of one year concurrent on Counts I and II and one year consecutive on Count III, for a total of two years supervised release.
 
 
 3
 In his Sec. 2255 motion, Caputo claimed that the sentence imposed exceeded the statutory maximum and that his constitutional right to an indictment was violated. He argued that the active term imposed on Counts I and II, when added to the supervised release term of one year, exceeded the statutory maximum of one year that could be imposed. Similarly, the active term of three months imposed on Count III, when added to the supervised release term of one year, exceeded the statutory maximum of one year that could be imposed. Further, he reasoned that the imposition of what he computed as a one and one-half year sentence on Counts I and II and one and onequarter year sentence on Count III meant that he should have been charged by indictment rather than by information.
 
 
 4
 It is clear from the language of the Sentencing Reform Act and the Criminal Code that the active term of imprisonment that may statutorily be imposed is distinct from the term of supervised release that may be imposed. The Fifth Circuit recently has concluded that "the addition of a supervised term of release does not extend a defendant's term of imprisonment." United States v. Williams, 919 F.2d 266, 272 (5th Cir.1990). See also United States v. Dillard, 910 F.2d 461, 466 (7th Cir.1990). Caputo's argument that he was sentenced in excess of the statutory maximum and that he was wrongly charged by information simply is incorrect because it is based on an erroneous assumption.
 
 
 5
 Because our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 6
 AFFIRMED.