974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
UNITED STATES of American, Plaintiff-Appellee,vTIPercy A.
JACKSON, Defendant-Appellant.
 No. 92-3040.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of a district court order revoking defendant Percy A. Jackson's supervised release and sentencing him to reimprisonment for a term of eleven months. The district court Order Revoking Supervised Release and Imposing Sentence stated, "It is further ordered that the defendant receive credit for the time served since his arrest on November 15, 1991." I R. tab 92 at 2. November 15 is the date defendant was arrested on the charge of violating the terms of his supervised release. On appeal defendant asserts he is entitled to more credit than the court gave him. The government argues, relying upon United States v. Wilson, --- U.S. ----, 112 S.Ct. 1351 (1992), that the appeal should be dismissed pending exhaustion of administrative remedies within the Bureau of Prisons.
 
 
 3
 Defendant was sentenced after his guilty plea to a charge of theft from a financial institution, in violation of 18 U.S.C. § 2113(b). The sentence was imprisonment of 202 days, with credit for 202 days he had already served in pretrial detention, with immediate release to a three year term of supervised release. Thereafter, in November 1991, defendant was arrested for acts that violated provisions of his supervised release, apparently including a charge of battery and disorderly conduct in a domestic violence case pending in a state municipal court in Wichita, Kansas. The district court, in revoking defendant's supervised release, imposed a sentence of eleven months additional incarceration, and in doing so made the statement quoted above concerning credit for detention since November 15. Defendant argues on appeal that he is entitled to credit against the eleven month sentence for the whole time he has been in detention, including the 202 days already credited to his sentence on the original underlying crime. This appeal is an attempt to get that issue before us.
 
 
 4
 The Wilson case, decided by the Supreme Court after the district court imposed the sentencing at issue before us, resolved an ambiguity in 18 U.S.C. § 3585(b) by holding that it is not the province of the district court, rather it is that of the Attorney General acting through the Bureau of Prisons, to initially determine the amount of any credit to be granted against a sentence of imprisonment.
 
 
 5
 Section 3585(b) declares that a defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention before the date the sentence commences "as a result of the offense for which the sentence was imposed" but only if "that has not been credited against another sentence."
 
 
 6
 In Wilson there was the possibility that a state court would give credit for pretrial detention on state charges which apparently would negate credit given by the district court on the federal conviction if the calculation was to be done by the Attorney General. That also appears to be a possibility here, because defendant apparently was arrested on state charges involving domestic violence, and the record is devoid of sufficient information to ascertain whether there is any overlap of credit here against state and federal sentences. There is also the question whether the sentence for violation of the conditions of supervised release is independent of the sentence for the underlying or original crime. See Celestine v. United States, 905 F.2d 59 (5th Cir.1990); see also U.S.S.G. § 7B1.3(e); id. comment. (n. 4).
 
 
 7
 We do not resolve these issues because we agree with the government that Wilson requires that the determination of the credit be made initially by the Attorney General through the Bureau of Prisons. Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10 to 542.16. A prisoner can seek judicial review only after exhausting his administrative remedies. United States v. Woods, 888 F.2d 653, 654 (10th Cir.1989), cert. denied, 494 U.S. 1006 (1990).
 
 
 8
 Nevertheless, the district court erred in addressing the credit issue in the sentence. The case is remanded to the district court with directions to eliminate the sentence referencing prior credit and to dismiss without prejudice to defendant's right to seek judicial review after exhausting administrative remedies through the Bureau of Prisons.
 
 
 9
 IT IS SO ORDERED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3