UNITED STATES of America, Plaintiff–Appellee,

v.

John CRANE, (aka Donald Kotlick), Defendant–Appellant.

No. 91–50685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1992.

Decided Oct. 2, 1992.

Steven J. Riggs, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U.S. Atty., Appellate Section, San Diego, Cal., for plaintiff-appellee.

Before: D.W. NELSON, THOMPSON, Circuit Judges, and PRO, District Judge.*

PRO, District Judge:

## OVERVIEW

Appellant Donald Kotlick, aka John Crane, appeals the district court's order affirming a magistrate judge's revocation of a one-year term of supervised release and imposition of a one-year term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.

## FACTS

On May 3, 1989, Appellant Donald Kotlick, aka John Crane, was arrested at the Cabrillo National Monument in San Diego, California, for the offense of unlawful taking of a vehicle in violation of 18 U.S.C. § 13 and California Vehicle Code § 10851(a) and California Penal Code § 17(b). On May 23, 1989, Kotlick executed a "Consent to be tried by a United States Magistrate Judge" pursuant to 18 U.S.C. § 3401, and entered a plea of guilty to the charge before United States Magistrate Judge Roger Curtis McKee. By his consent, Kotlick expressly agreed to be "tried before a United States Magistrate Judge" and waived "trial, judgment and sentencing by a District Judge."

On July 7, 1989, Magistrate Judge McKee sentenced Kotlick to the custody of the Attorney General for a term of one year to be followed by a one-year term of supervised release.

Kotlick was released from custody on May 2, 1990, and commenced his one-year term of supervised release at Eclectic Communications, Inc. ("ECI"), a community treatment center in San Diego, California. Kotlick remained at ECI for approximately four and one half months but absconded in September 1990. On September 5, 1990, a Petition for Revocation of Supervised Release was filed with the United States District Court for the Southern District of California advising Magistrate Judge McKee of Kotlick's unauthorized departure from ECI and other violations of the terms of supervised release. Magistrate Judge McKee issued a bench warrant for Kotlick's arrest.

In December 1990, Kotlick was arrested by the San Diego County Sheriff's Office on a charge of petty theft. On December 17, 1990, Kotlick signed a speedy trial notification form and a federal detainer was lodged against him based on the outstanding bench warrant. On January 25, 1991, Kotlick entered a plea of guilty in San Diego Municipal Court to the charge of petty theft and was sentenced to a term of 270 days imprisonment.

On May 9, 1991, Kotlick was taken into federal custody pursuant to the detainer. On May 29, 1991, he appeared before Magistrate Judge McKee, admitted the violations of supervised release set forth in the Petition and was sentenced by the magistrate judge to an additional year in the custody of the Bureau of Prisons.

On May 31, 1991, Kotlick appealed Magistrate Judge McKee's sentence of imprisonment to the district court pursuant to Rule 58(g)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3402 and 3742(g). On September 20, 1991, United States District Judge William B. Enright entered a Memorandum Decision and Order

---

* The Honorable Philip Pro, United States District Judge for the District of Nevada, sitting by designation.

affirming the revocation of supervised release and the sentence imposed by Magistrate Judge McKee.

## DISCUSSION

Kotlick raises two issues on appeal: (1) whether the magistrate judge had jurisdiction under 18 U.S.C. §§ 3401 and 3583 to revoke Kotlick's supervised release and impose a sentence of twelve months imprisonment; and (2) whether 18 U.S.C. §§ 3583 and 3624 provide that a term of supervised release is tolled if an individual is in custody for another criminal offense. The issues raised are questions of law and are reviewed *de novo*. *See United States v. Tamez*, 941 F.2d 770, 773 (9th Cir.1991).

### I.

Kotlick does not challenge the authority of the magistrate judge to impose the original term of supervised release on July 7, 1989. Kotlick contends, however, that the "Consent to be Tried by a United States Magistrate Judge" which he signed on May 23, 1989, embodied only his consent to the magistrate judge's authority under 18 U.S.C. § 3401. Kotlick argues that because § 3401 does not explicitly authorize a magistrate judge to revoke a term of supervised release, Magistrate Judge McKee lacked jurisdiction to revoke his supervised release.

In rejecting Kotlick's argument, the district court concluded that the power of the magistrate judge to revoke supervised release was implicit in the authority to impose it. The district court noted that although 18 U.S.C. § 3401(d) explicitly gives a magistrate judge authority to revoke a sentence of probation imposed by that magistrate judge, the absence of such explicit authority in § 3401 regarding supervised release was not determinative because § 3401 was passed before the advent of supervised release. The district court reasoned that because the statute granting the court authority to impose supervised release also includes the power to revoke

supervised release, a magistrate judge empowered to act as "the court" in imposing supervised release must also be deemed "the court" for purposes of revocation of supervised release. 18 U.S.C. § 3583(a) and (e).

Kotlick urges this Court to follow the holding of the Fifth Circuit in *United States v. Williams*, 919 F.2d 266 (5th Cir. 1990), that a magistrate judge does not have the power to revoke a term of supervised release. To our knowledge, no other circuit has examined the jurisdiction of a magistrate judge to revoke a term of supervised release.[1]

In *Williams* the Fifth Circuit rejected the government's argument that the sentencing authority conferred on a magistrate judge in misdemeanor cases pursuant to 18 U.S.C. § 3401(a) implicitly authorizes a magistrate judge to revoke a term of supervised release. The *Williams* court observed that § 3401(d), which provides an explicit grant of authority to a magistrate judge to revoke a term of probation imposed by that magistrate judge, suggests that the sentencing authority provided under § 3401(a) was not sufficient to authorize a magistrate judge to revoke probation. "If subsection (a) was not sufficient to authorize a magistrate to revoke probation, it cannot be sufficient to authorize a magistrate to revoke supervised release." *Williams*, 919 F.2d at 268–269.

The *Williams* court also rejected the argument that 18 U.S.C. § 3583 could be interpreted as conferring jurisdiction on a magistrate judge to revoke a term of supervised release. The *Williams* court noted that § 3583 refers to "the court" rather than "the sentencing court." The *Williams* court concluded that just as reference to "the court" in 18 U.S.C. § 3565, the statute governing probation revocation proceedings, does not confer authority on a magistrate judge to revoke probation beyond the limits of 18 U.S.C. § 3401(d), neither can the term "the court" as used in 18 U.S.C. § 3583 be read to confer authority

---

1. In *United States v. Raynor*, 764 F.Supp. 1067 (D.Md.1991), the district court rejected the reasoning in *Williams* and upheld the authority of

a magistrate judge to revoke a term of supervised release on grounds similar to those articulated by the district court in this case.

on a magistrate judge to revoke supervised release where none is explicitly given in 18 U.S.C. § 3401.

█ We decline to follow the holding of the Fifth Circuit in *United States v. Williams* and hold that where, as here, a defendant has consented to trial, judgment and sentencing before a United States magistrate judge pursuant to 18 U.S.C. § 3401, the magistrate judge has jurisdiction to impose and to revoke a term of supervised release in accordance with 18 U.S.C. § 3583(a) and (e). Our parting with the Fifth Circuit on this issue is compelled for the following reasons.

First, in *United States v. Purvis*, 940 F.2d 1276 (9th Cir.1991), we held that 18 U.S.C. § 3583, which authorizes imposition of a term of supervised release after imprisonment, also authorizes revocation of supervised release even where the resulting incarceration, when combined with the period of time defendant had already served for the substantive offense, exceeds the maximum incarceration permissible under the substantive statute. We rejected the argument that § 3583 should be interpreted differently for "revocation" of supervised release than for "imposition" of supervised release and recognized that when "[w]e expressly approved of the imposition of supervised release, we implicitly approved of its revocation as well." *Purvis*, 940 F.2d at 1278–79.

Second, *Williams* was decided prior to two recent decisions of the United States Supreme Court in which the *Williams* court's approach to construing magistrate judge jurisdictional statutes was not followed.

In *McCarthy v. Bronson*, — U.S. —, —, 111 S.Ct. 1737, 1740, 114 L.Ed.2d 194 (1991), a unanimous Supreme Court broadly interpreted and upheld the jurisdiction of magistrate judges under 28 U.S.C. § 636(b)(1)(B) to hear prisoner petitions challenging conditions of confinement under 42 U.S.C. § 1983. The Court empha-

sized that in ascertaining the meaning of the statute authorizing the non-consensual reference of all prisoner petitions to a magistrate judge, the statutory language must always be read in the context of the statute as a whole and with regard to its object and policy.

In *Peretz v. United States*, — U.S. —, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), the Court characterized *McCarthy v. Bronson* as recognizing that Congress intended magistrate judges to play an integral and important role in the federal judicial system. *Id.* at —, 111 S.Ct. at 2665. *Peretz* held that under the "additional duties" provisions of the Federal Magistrate Act, 28 U.S.C. § 636(b)(3), supervision of voir dire in felony cases may be delegated to a magistrate judge if the parties consent. The *Peretz* court stressed that as with the delegation to a magistrate judge of entire civil and misdemeanor trials under 28 U.S.C. § 636(c)(1) and § 636(a)(3), the defendant's consent eliminates any constitutional infirmity. *Id.* at —, 111 S.Ct. at 2667–2669. We, therefore, find no constitutional barrier to our finding that consistent with 28 U.S.C. § 636(a)(3) and § 636(b)(3), and upon the consent of the defendant, a magistrate judge's authority under 18 U.S.C. § 3401 logically extends to both the imposition and revocation of supervised release.

█ Finally, we view the *Williams* court's application of an *expressio unius* rule to 18 U.S.C. § 3401 to be inappropriate.[2] As we have previously observed, the maxim *expressio unius* is a product of logic and common sense and is properly applied only when the result is itself logical and sensible. *Alcarez v. Block*, 746 F.2d 593, 607 (9th Cir.1984). Our conclusion that a defendant who consents to proceed before a magistrate judge in a misdemeanor case under § 3401, thereby consents to the magistrate judge's authority to impose and revoke supervised release, is consistent with the structure and purpose of the Federal Magistrate Act, *Peretz,* — U.S. at

2. The maxim of statutory construction, *"expressio unius est esclusio alterius"* provides that, "[w]hen a statute limits a thing to be done in a particular mode, it includes the negative of any

other mode." *Botany Worsted Mills v. United States*, 278 U.S. 282, 289, 49 S.Ct. 129, 131, 73 L.Ed. 379 (1929).

——, 111 S.Ct. at 2668, and our prior holding in *Purvis*. Further, as Judge Enright so cogently observed in affirming the magistrate judge in this case, "it makes sense." *See also United States v. Raynor*, 764 F.Supp. at 1069–1070.

## II.

Kotlick also argues that because the one-year term of supervised release imposed by the magistrate judge was originally to have expired on May 2, 1991, the district court no longer had jurisdiction over him when he appeared before the magistrate judge for revocation proceedings on May 29, 1991. Kotlick's argument misapprehends the impact of his status as a fugitive from September to December 1990, and as a state prisoner from December 1990 to May 9, 1991. In rejecting Defendant's argument, the district court ruled that 18 U.S.C. §§ 3565(c) and 3624(e) tolled Kotlick's period of supervised release while he was in fugitive status and state custody. We agree.

Under 18 U.S.C. § 3565(c), the power of the court to revoke probation extends beyond the expiration of the term of probation if a warrant is issued for a probation violation before the term of probation expires. Kotlick contends that because similar language is not contained in 18 U.S.C. § 3583(e)(3) regarding supervised release, Congress did not intend for supervised release to be revoked under similar circumstances. We have previously held, however, with regard to revocation of regular parole under 18 U.S.C. § 4214, and special parole under 21 U.S.C. § 841(c), that specific language such as that provided in § 3565(c) is not required to toll the term of regular parole or special parole while a defendant is in fugitive status. *See Barr v. Parker*, 453 F.2d 865–867 (9th Cir.1971) and *Russie v. U.S. Dept. of Justice*, 708 F.2d 1445, 1448 (9th Cir.1983). To hold otherwise here would reward those who flee from bench warrants and maintain their fugitive status until the expiration of their original term of supervised release. *See also United States v. Hill*, 719 F.2d 1402, 1404–05, (9th Cir.1983).

Additionally, 18 U.S.C. § 3624(e) provides in part that "[a] term of supervised release does not run during any period in which the person is imprisoned, in connection with a conviction for a Federal, State or local crime, unless the imprisonment is for a period of less than thirty consecutive days." The plain language of the statute excludes from the running of his term of supervised release the period Kotlick spent in status custody between December 1990 and May 9, 1991.

The decision of the district court is AFFIRMED.