IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50043
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

DANNY LEON STANDEFER

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
Western District of Texas
_____
January 15, 1996
Before WISDOM, GARWOOD and JONES, Circuit Judges.[*]

GARWOOD, Circuit Judge:

        Appellant-defendant Danny Leon Standefer (Standefer) appeals
the revocation of his supervised release.  Because we find that the
evidence was insufficient to support revocation, we reverse.

                    **Facts and Proceedings Below**

        On July 14, 1989, Standefer pleaded guilty to drug and firearm
charges before the United States District Court for the Western
District of Texas pursuant to a plea agreement and was sentenced to
serve two concurrent twenty-one month sentences, three years of

_____

[*]  Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

supervised release and fines totaling $7,100. Following his release in June 1990, after completing service of the confinement portion of his sentence, Standefer began serving his supervised release in the Eastern District of Oklahoma.

On January 21, 1992, a Petition on Probation and Supervised Release was filed in the district court by probation officer Jack R. Skaggs (Skaggs) requesting that a warrant be issued for Standefer's arrest for violating the conditions of his supervised release.[1] The filing of the petition caused the district court to order that a warrant be issued for Standefer's arrest. Standefer was arrested by the United States Marshal's Service in Vanderwagen, New Mexico on May 3, 1994. In November 1994, Standefer pleaded guilty to one count of controlled substance manufacture in violation of 21 U.S.C. § 846 before the United States District Court for the Western District of Oklahoma. Meanwhile, the United States District Court for the Western District of Texas set a revocation hearing for January 4, 1995.

---

[1]  The petition alleged the following violations:

> "The defendant has been charged in Case No. CRF91-156, District Court for Pushmataha County, Oklahoma, with (1) Trafficking Drugs/Amphetamine; (2) Tax Stamp Violation (Amphetamine); and, (3) Eluding Police Officer; said offenses having occurred on or about 11-29-91. A warrant has been issued for his arrest in that case. The defendant has not reported to his probation officer, Jack Skaggs, for the month of December, 1991, and his present whereabouts are unknown."

At the revocation hearing, the government read the charges alleged in the petition to which Standefer pleaded "not true." The government's sole witness was Ken Beene (Beene), a supervisor in the federal probation office in Austin, Texas. Beene testified that while he had not dealt personally with Standefer, he had been informed of the charges contained in the petition by Skaggs, and had subsequently been informed of Standefer's conviction in the Western District of Oklahoma by probation officer Marcie Gray (Gray). The government introduced a copy of the judgment obtained in the Western District of Oklahoma, and Beene testified that he believed that the offense contained in the judgment was based upon the same conduct as the offenses alleged in the revocation petition. Beene expressed the same belief on cross-examination even when Standefer's counsel noted that the conduct described in the revocation petition was alleged to have occurred on or about November 29, 1991 while the conduct which formed the basis of the federal conviction in Oklahoma was alleged to have concluded November 29, 1994.[2]

At the close of the government's case-in-chief, Standefer's attorney requested a brief recess in order to obtain a copy of the superseding information on which the judgment in the Western District of Oklahoma rested in order to demonstrate that the underlying conduct was distinct from that alleged in the revocation

---

[2] Although the judgment reflected that the offense charged had concluded on November 29, 1994, the superseding information introduced in evidence by the defense alleges that the underlying conduct occurred "on or about November 29, 1993."

petition.  Following the recess, the government conceded that this was in fact the case.  At that time, the government moved "to orally amend and use the information before the court now as the basis for revocation."  The district court granted the government's motion over the objections of Standefer's counsel.[3]  Relying on Standefer's conviction in the Western District of Oklahoma and his "fugitive status," the district court ordered the revocation of Standefer's supervised release.[4]

---

[3]  The defense urged that the petition be dismissed, objecting on the grounds that the government could not amend the petition after the supervised release term had expired.  The government suggested that the running of the supervised release period should be tolled for the period that Standefer was a fugitive, and introduced a copy of the Marshal's Report of Standefer's arrest as evidence that Standefer had been a fugitive from the time that the district court issued the arrest warrant until his arrest on May 3, 1994.  Defense counsel also objected on the grounds that written notice of the alleged violation was required under Fed. R. Crim. P. 32.1 (a)(2)(A) and in order to comport with due process.  Standefer's counsel further argued that the only evidence presented in support of revocation had been hearsay which had been demonstrated to be unreliable.

[4]  The district court stated its findings in support of revocation as follows:

> "The court, having reviewed the evidence in this case, the court has reviewed the judgment out of Oklahoma . . . Has reviewed that, and based upon those considerations and information brought to the attention [sic] at this hearing this morning, it's the judgment of this court and the court finds that pursuant to the Sentencing Reform Act of 1984, the defendant, Danny Leon Standefer, is ordered committed to the custody of the Bureau of Prisons to serve a term of imprisonment of eighteen months.
>
> This sentence is ordered to run consecutive to the sentence ordered in CR 94101-C, which represented the violation behavior [the

4

Standefer now appeals the revocation of his supervised release on the grounds that (1) the government failed to prove any of the allegations contained in the original petition; and (2) the oral amendment granted by the district court at the revocation hearing deprived him of the notice to which he was entitled under Fed. R. Crim. P. 32.1 (a)(1)(A) and by due process.

## Discussion

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995, *cert. denied*, 116 S.Ct. 264 (1995).

In a revocation proceeding, the government has the burden to prove that the releasee committed the alleged violation of the conditions of release by a preponderance of the evidence. 18 U.S.C. § 3583 (e)(3); *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1412 (1995). In reviewing the sufficiency of the evidence, we "'must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government.'" *Id*. (quoting *United States v. Prieto-Tejas*, 779 F.2d 1098, 1101 (5th Cir. 1986)). "The evidence is sufficient if a reasonable trier of fact could reach the conclusion being challenged." *Id*. (footnote omitted).

---

Western District of Oklahoma case], or at least the——part of the violation behavior. I think the fugitive status is what the court is basing its revocation upon."

5

It is undisputed that the government failed to produce any evidence of the criminal charges alleged in the revocation petition. Nonetheless, the government contends that there is sufficient evidence in the record to support revocation either on the basis of Standefer's fugitive status as alleged in the petition, or on the basis of his guilty plea in the Western District of Oklahoma pursuant to the oral amendment. We disagree.

## A. Fugitive Status

The government asserts that the district court's revocation of Standefer's supervised release based upon his fugitive status was supported by the following: (1) the district court issued a warrant in January 1992 in response to Skaggs' allegations that Standefer had failed to report for the month of December 1991 and his whereabouts were unknown; and (2) this warrant remained unexecuted until Standefer's arrest in New Mexico in May 1994 as evidenced by the Marshal's Report entered in evidence by the government. Therefore, the government contends that the district court could reasonably infer that Standefer had been a fugitive from the date that the warrant was issued until the date of his arrest in New Mexico. The government concludes that these facts necessarily establish that Standefer violated the conditions of his supervised release that he not leave the judicial district without permission (Condition Two), make a written report within the first five days of each month (Condition Three), and notify the probation office within seventy-two hours of changing his residence (Condition Seven).

6

The district court possesses considerable latitude in the types of evidence it may consider in a revocation hearing as compared with a criminal prosecution. *See Morrissey v. Brewer*, 92 S.Ct. 2593, 2604 (1972) (parole revocation hearing "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial"). However, the government failed to introduce sufficient evidence of Standefer's fugitive status even under this relaxed standard of admissibility.

Neither the bare allegations contained in the petition nor the warrant itself constitute evidence in any sense. Even assuming that they could properly be considered, they were never offered in evidence. Furthermore, despite the allegations in the petition that Standefer's "whereabouts [were] unknown," we find no evidence of this fact in the revocation hearing record.

The only piece of evidence introduced by the government in this regard was a copy of the Marshal's Report of Standefer's arrest in New Mexico in May 1994.[5] This report alone establishes no violation of the conditions of Standefer's supervised release because there is no evidence of when Standefer left the judicial district to go to New Mexico. The report makes no reference to any warrant (or to the revocation petition); nor does it otherwise give any indication whatever of how long (prior to May 1994) Standefer

---

[5] Although the government argued at the revocation hearing that Beene's testimony was evidence that Standefer had been a fugitive, it concedes in its brief that Beene's testimony provides no evidence on this point.

had been a fugitive. It is entirely plausible that Standefer left the judicial district after the expiration of the supervised release period in June 1993. The fact that he pleaded guilty to charges based upon conduct alleged to have occurred in Oklahoma in November 1993 tends to support this conclusion. Nothing suggests the contrary.

The dearth of evidence in the record on this point leads us to reject the district court's finding that Standefer's supervised release should be revoked based upon his fugitive status.

**B.   1994 Conviction**

The government contends that even if the evidence were insufficient to support revocation of Standefer's supervised release on one of the bases alleged in the original petition, Standefer's guilty plea before the Western District of Oklahoma constituted adequate grounds for the district court's decision. We reject this contention.

The oral amendment allowed by the district court so that the guilty plea might be considered as a basis for revoking Standefer's supervised release fails to comport with the requirement of "written notice of the alleged violation" mandated by Fed. R. Crim. P. 32.1 (a)(1)(A). Indeed, it is questionable whether Standefer was afforded any notice at all as the government did not specify the basis of the oral amendment, but simply stated that it wished to "use the information before the court now as a basis for revocation." The government suggests that allowing the oral amendment was harmless error because: (1) Standefer knew that he

pleaded guilty to the controlled substance manufacture charge; and (2) his counsel raised the defense that the guilty plea fell outside of the supervised release period at the revocation hearing.

The government's first harmless error argument falls wide of the mark because the issue is not whether Standefer knew that he pleaded guilty to the controlled substance manufacture charge, but rather whether he knew that that guilty plea or that offense was to be the basis for revocation of his supervised release. Therefore, even if we could excuse the lack of written notice, Standefer was not afforded meaningful notice of <u>any</u> sort as to the violations against which he was required to defend. Nor does the fact that Standefer's counsel was able to articulate some defense to the amendment necessarily lead to the conclusion that the error was harmless.

However, we need not rest our decision on this ground alone. It is undisputed that the conduct for which Standefer pleaded guilty in the Western District of Oklahoma occurred in November 1993 while his original supervised release term was to have ended in June 1993. The government, relying on *United States v. Crane*, 979 F.2d 687, 691 (9th Cir. 1992), argues that the district court could properly consider Standefer's guilty plea in revoking his supervised release because the running of the supervised release period was tolled for the period that Standefer was a fugitive. We, too, have previously recognized that the running of a probationary term may be tolled by the flight of a probationer. *See United States v. Fisher*, 895 F.2d 208, 212 (5th Cir. 1990), *cert. denied*,

110 S.Ct. 2192 (1990) (probationary term tolled for period during which probationer not under supervision due to own misconduct). Yet it necessarily follows from our conclusion that the government failed to establish Standefer's fugitive status for purposes of revocation that the government cannot receive the benefit of this rule. There is no evidence that Standefer became a fugitive before July 1993. Therefore, the district court could not properly consider Standefer's guilty plea in revoking his supervised release.

Because we find that the government failed to introduce sufficient evidence of the alleged violations, we are forced to conclude that the district court abused its discretion in revoking Standefer's supervised release.

The judgment of revocation is REVERSED.