UNITED STATES of America,
Plaintiff—Appellee,

v.

Suzanne Nelson DAY, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Suzanne Nelson Day, Defendant—
Appellant.

Nos. 00–50604, 00–50618.
D.C. Nos. CR–93–00634–LSP,
CR–91–03272–LSP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided July 31, 2001.

510

Before RYMER and RAWLINSON, Circuit Judges, and POGUE, Judge.*

MEMORANDUM **

Suzanne Nelson Day appeals her sentence to two terms of 12 months imprisonment for violating the terms of her probation and supervised release imposed in two separate cases. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

■ Day contends that the court lacked jurisdiction to sentence her on June 6, 1995 (let alone October 13, 2000) because her release and probation terms had expired. However, Day was not sentenced on January 24, 1994, when her terms were modified from supervised to unsupervised. This was an ordinary modification to accommodate the difficulties of supervising Day in Florida. Instead, after finding that

violations had occurred, and with Day's approval and for her benefit, the court continued the revocation hearing for six months. Day did not object to further continuances, but failed to appear on June 6, 1995 as ordered. Thus, the court still had authority as of June 6, 1995 to revoke probation and supervised release. *See* 18 U.S.C. §§ 3565(c) & 3583(i); *United States v. Neville*, 985 F.2d 992, 998–99 (9th Cir. 1993). Day's fugitive status thereafter tolled the period of release and probation until her eventual capture on July 26, 2000 and resentencing on October 13, 2000. *See United States v. Crane*, 979 F.2d 687, 691 (9th Cir.1992) (period of release tolled while a fugitive.)

■ Even if tolling continued after January 24, Day argues that continuing her sentencing beyond the statutory maximum violated 18 U.S.C. §§ 3583(i) and 3565(c) as well as due process. This cannot be so, because the revocation hearing was held, and was continued (without objection) for sentencing to a date well within the terms of probation and supervised release. To the extent that the last continuance (also without objection) and her actual sentencing (delayed because Day was a fugitive) were after the terms would have expired, the court's power to revoke and to impose another sentence continued. 18 U.S.C. §§ 3583(i) & 3565(c). Thus, her sentence in each case, which was within the statutory maximum, was no longer than, and did not otherwise circumvent, the applicable statutes.

■ Nor were Day's due process rights violated. She now contends that she was in limbo, and had to conduct herself as if she were on probation and supervised release on account of the court's continu-

* Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ances. However, she never said so at the time. Day also suggests that the continuances would have gone on indefinitely, but she could have stopped them by objecting, or appearing. Instead, she became a fugitive.

AFFIRMED.