United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10349
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PICKRELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-52-ALL-A
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

James Pickrell appeals the 24-month sentence he received following the revocation of his supervised release. He argues that the sentence, in combination with his original 48-month sentence, exceeds the 60-month statutory maximum for his underlying 21 U.S.C. § 841(a) offense. He further urges that the sentence following revocation was based on facts not determined by a jury or admitted by him and thus violates Blakely v. Washington, 124 S. Ct. 2531 (2004).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pickrell's claim fails.  On its face, <u>Blakely</u> has no application to supervised-release proceedings.  <u>Id.</u> at 2537-43; see <u>United States v. Marmalejo</u>, 915 F.2d 981, 983 (5th Cir. 1990).  The case does not present a sentencing guidelines issue and, even if it did, this court has held that <u>Blakely</u> does not apply to the sentencing guidelines.  <u>See</u> U.S.S.G. Ch. 7, Pt. A, ¶ 1; <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u>, (U.S. July 14, 2004) (No. 04-5263).  Finally, contrary to his assertion, Pickrell's sentence did not exceed the statutory maximum.  <u>See</u> 18 U.S.C. § 3559(a)(4), § 3583(b)(2) and (e)(3); <u>United States v. Celestine</u>, 905 F.2d 59, 60-61 (5th Cir. 1990).  Accordingly, the district court's judgment is AFFIRMED.